IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY NEIL MAXWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-00024-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Petitioner Gregory Neil Maxwell filed a document that has been docketed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF 3). Such a motion cannot be pursued, however, until the petitioner's conviction has been affirmed on direct appeal. *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Moreover, a speedy trial claim, which is what it appears Petitioner is seeking to raise, is nonconstitutional and nonjurisdictional and not cognizable in a Section 2255 proceeding. *United States v. Pina*, 184 F.3d 818 (5th Cir. 1999). Petitioner's direct appeal is pending. *See* Cause No. 2:21-CR-96-Z-BR-1.

A district court does not entertain a § 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam), *abrogated on other grounds; see, e.g., United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (per curiam) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal"). Therefore, Petitioner's request for § 2255 relief, as well as all pending motions, should be dismissed without prejudice as premature.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition of Gregory Neil Maxwell under § 2255 be dismissed as premature and that the pending motions (ECF 7, 10, 11, 14) be denied as moot.[1]

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 20, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party").

2

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).